UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Hilda L. Solis, Secretary of Labor,
United States Department of Labor,

      Plaintiff,

v.                                        Civil No. 11-1852 (JNE/TNL)
                                               ORDER
Jeff Hagstrom, Daniel Elofson,
Mirror Factory, Inc., and
Mirror Factory, Inc. 401(k) Plan,

      Defendants.

Alleging violations of the Employee Retirement Income Security Act of 1974 (ERISA), as amended, Hilda L. Solis, Secretary of Labor, United States Department of Labor, brought this action against Jeff Hagstrom, Daniel Elofson, Mirror Factory, Inc. (MFI), and Mirror Factory, Inc. 401(k) Plan (Plan).  Defendants failed to timely respond, the Clerk of Court entered their defaults, and the Secretary moved for a default judgment.  The Court grants the Secretary's motion [Docket No. 11].

"Upon default, the factual allegations of a complaint (except those relating to the amount of damages) are taken as true, but 'it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.'"  *Murray v. Lene*, 595 F.3d 868, 871 (8th Cir. 2010) (quoting 10A Charles Alan Wright et al., *Federal Practice and Procedure* § 2688 (3d ed. 1998)); *see Marshall v. Baggett*, 616 F.3d 849, 852 (8th Cir. 2010) ("[W]hen a default judgment is entered, facts alleged in the complaint may not be later contested.").  "[I]t is incumbent upon the district court to ensure that 'the unchallenged facts constitute a legitimate cause of action' prior to entering final judgment."  *Marshall*, 616 F.3d at 852-53.

Briefly summarized, the Complaint alleged that the Plan is an employee benefit plan sponsored and administered by MFI.  Hagstrom was MFI's vice-president, a named Trustee of the Plan, and a fiduciary to the Plan.  Elofson was an owner of MFI, the president of MFI, a named Trustee of the Plan, and a fiduciary to the Plan.  Hagstrom and Elofson caused MFI to fail to remit and to timely remit employee contributions to the Plan during periods from January 1, 2006, to October 9, 2009.  A declaration submitted in support of the Secretary's motion indicates that "$14,651.38 was withheld from employees' salary for contributions to the Plan and was not remitted to the Plan's investment accounts."  The declaration also states that lost opportunity costs amount to $2,564.83 through November 1, 2011.  The unchallenged facts in the Complaint constitute violations of ERISA, as alleged by the Secretary.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Jeff Hagstrom, Daniel Elofson, and Mirror Factory, Inc., are permanently enjoined from violating the provisions of Title I of ERISA.

2. Jeff Hagstrom, Daniel Elofson, and Mirror Factory, Inc., are jointly and severally liable to the Plan in the amount of $17,216.21 as a result of the fiduciary breaches committed by them or for which they are liable.

3. The Plan is deemed amended to permit the off-set of Jeff Hagstrom's Plan account against the amount of losses incurred by the Plan resulting from fiduciary breaches, as authorized by the Taxpayer Relief Act of 1997, Pub. L. No. 105-34, § 1502(a), 111 Stat. 788, 1058-59 (codified at 29 U.S.C. § 1056(d)(4)).

4. Upon the entry of judgment, pursuant to § 1502(a) of the Taxpayer Relief Act of 1997, codified at 29 U.S.C. § 1056(d)(4), Jeff Hagstrom shall be deemed to have authorized the reallocation of his entire current account balance in the Plan to the investment accounts of the Plan's non-fiduciary current and past participants/beneficiaries who were harmed by the fiduciary breaches set forth in the Secretary's Complaint.  The Plan shall reallocate Jeff Hagstrom's account balance to the Plan accounts of individuals, except for the defendants, who (1) were employees of MFI, (2) were Plan participants during the period January 1, 2006, through October 9, 2009, and (3) had voluntary employee contributions withheld

from their pay for contribution to the Plan during this period and such contributions were either remitted to the Plan in an untimely manner or never remitted to the Plan.  Each individual shall receive a pro-rata share of Jeff Hagstrom's reallocated account balance in an amount equal to each individual's unremitted contributions and/or lost income owed to the individual as of the entry of judgment divided by the total amount owed to the Plan.  Defendants shall provide satisfactory written proof of the aforementioned reallocation within seven days of the entry of judgment to the Regional Director, EBSA, Two Pershing Square, 2300 Main St., Ste. 1100, Kansas City, Missouri 64108-2415 (Regional Director).

5.      Within seven days of the entry of judgment, Jeff Hagstrom, Daniel Elofson, and Mirror Factory, Inc., shall restore to the Plan $17,216.21 less the amount reallocated pursuant to paragraph 4 above from Jeff Hagstrom's individual account balance in the Plan.  Defendants shall provide satisfactory proof of the aforementioned payment within seven days of the payment to the Regional Director.

6.      Jeff Hagstrom, Daniel Elofson, and Mirror Factory, Inc., shall correct the prohibited transactions in which they engaged.

7.      Within twenty-one days of the entry of judgment, Jeff Hagstrom, Daniel Elofson, and Mirror Factory, Inc., shall take such actions as are necessary to expeditiously terminate the Plan, distribute all of the Plan's assets, consistent with the Plan's governing documents, the Internal Revenue Code, and ERISA, and conclude any plan-related matters connected with the proper termination of the Plan; Defendants shall provide satisfactory written proof of the termination within seven days to the Regional Director.

8.      Seven days after the entry of judgment, defendants are precluded from acting as a service provider or fiduciary to any ERISA plan with the exception of those duties and responsibilities set forth in paragraph 7 above with respect to the Plan.

9.      The Secretary is awarded the costs of this action.

10.     The Court retains jurisdiction for sixty days for the purpose of enforcing compliance with the terms of the judgment.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: March 5, 2012

s/  Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge